# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH NOVAK, | : | No. 3:08cv912 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| V. | : | |
| | : | |
| POSTEN TAXI, INC., | : | |
| BILL COOK, and | : | |
| JOHN T. BOW, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM AND ORDER

Before the court is plaintiff's motion for the judge's recusal in the instant case. Federal law provides that "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding where his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003). Moreover, a judge is required to disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Bias and prejudice "connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or

because it is excessive in degree." Liteky v. United States, 510 U.S. 540, 550 (1994). The Supreme Court has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not recusal." Id. at 555.

As evidence of the court's bias and prejudice, plaintiff points to rulings by the court that ordered the plaintiff to provide proof of service for his complaint (Docs. 46, 54) on the two individual defendants. Plaintiff complains that the court did nothing to order the defendants to provide evidence they were served for five or six months, but provided him with only ten days to provide such proof of service. He contends that these allegedly different standards evidences bias against *pro se* plaintiffs. In a more general sense, plaintiff alleges as "reasons you [the judge] show favoritism to defense council, you grant all there [sic] motions, they send paper work to you 5 to 6 months later, they haven't sent me a copy of their witness list like they were ordered to do and judge you let them get away with it once again." (Doc. 55 at ¶ V).

The court finds that the evidence plaintiff has offered for recusal does not establish that the judge's impartiality could reasonably be questioned. While plaintiff makes general accusations about what he considers the corrupt nature of the legal

2

profession, he does not provide any evidence of an improper relationship between the judge in this case and the defendants or defendants' counsel. Plaintiff's complaints here are with the court's decisions in this case, including whether the court should strike plaintiff's deposition from the record, whether the court should allow service of the complaint on the corporate defendant to constitute service of the complaint on all defendants, and whether Defendant Posten Taxi has adequately complied with discovery requests. Plaintiff does not point to any instances where the court has made negative or prejudicial comments about *pro se* plaintiffs or the plaintiff's case in those rulings or in any other context. He also does not point to any instances where the court has personal knowledge of the facts in the case and made decisions on that basis. Plaintiff's complaints are about what he considers the unfairness of the court's rulings. Since plaintiff can raise his concerns about those issues on appeal, recusal is inappropriate. The court will deny that motion.

    Defendant also insists that the court has denied him his right to a "speedy trial," and has failed to rule on his motion for such. The court notes that the Speedy Trial Act, 18 U.S.C. § 3161, applies to criminal matters, not to civil cases like this one. The plaintiff does not point to any federal statute or rule of court that requires that trial on this matter take place within a particular number of days or at the plaintiff's request. As a matter of course, the court does not schedule trial until all potentially dispositive motions have been disposed of. Dispositive motions cannot be filed until after the close of discovery. Plaintiff filed his latest motion for a speedy

3

jury trial (Doc. 31) on March 31, 2009, before dispositive motions were even due. In this case, dispositive motions were due April 5, 2009. (See Doc. 29). The motions are not fully briefed, and the court has not rendered a decision. There is no reason to schedule a pre-trial conference at this point.[1]

The court notes that defendant filed a motion for summary judgment and brief in support of that motion on April 2, 2009. (See Docs. 50, 52). The court reminds the plaintiff that he must file a brief in opposition to that motion and supporting materials for his brief by April 22, 2009. See L.R. 56.1 ("The papers opposing a motion for summary judgment shall include a separate and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement [provided by the moving party], as to which it is contended that there exists a genuine issue to be tried."). Failure to file these documents will cause the court to accept as true all of the factual claims asserted by the defendant. See Anchorage Assocs. v. V.I. Bd. Of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). Moreover, even though he is proceeding *pro se*, plaintiff is responsible for observing the applicable rules of court. See McNeil v. United States, 508 U.S. 106, 113 (1993) (holding that "[w]hile we have insisted that the pleadings prepared by [pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted as to excuse mistakes by those who

---

[1]The court notes that plaintiff has not yet served the complaint on all of the defendants. A trial would thus be inappropriate at this point.

proceed without counsel . . . 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'") (quoting <u>Mohasco Corp. v. Silver</u>, 447 U.S. 807, 826 (1980)).

Accordingly:

**AND NOW**, to wit, this 8th day of April 2009, the plaintiff's motion for recusal (Doc. 55) is hereby **DENIED**.  The plaintiff's motion for a speedy jury trial (Doc. 48) is also hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**