# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH NOVAK, : | No. 3:08cv912 |
|     Plaintiff : | |
| : | (Judge Munley) |
| V. : | |
| : | |
| POSTEN TAXI, INC., : | |
| BILL COOK, JOHN KATORKAS, and : | |
| BO KELLER, : | |
|     Defendants : | |

## MEMORANDUM

Before the court is Defendant Posten Taxi's motion for summary judgment (Doc. 50) and Defendant John Katorkas's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 72). Having been fully briefed, the matters are ripe for disposition.

**Background**

This case arises from Plaintiff Joseph Novak's employment with Defendant Posten Taxi. Plaintiff worked for the defendant on a part-time basis for about twelve years. (Defendant's Statement of Undisputed Material Facts (Doc. 51) (hereinafter "Defendant's Statement") at ¶ 1).[1] Defendant terminated this employment in April

---

[1] Plaintiff did not file the counterstatement of material facts with citations to the record required by the local rules. See L.R. 56.1. That rule establishes that "[a]ll material set forth in the statement [of material facts] required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Id. Because the plaintiff is proceeding *pro se*, the court will not simply deem the facts alleged by the defendant as admitted, but will consider the case file and the

2005. (Id. at ¶ 2). Defendant frequently reprimanded plaintiff for his behavior towards customers during his employment with the company. (Id. at ¶ 4). At some time in April 2005, defendant dispatched plaintiff to pick up customers and take them to the Wilkes-Barre Scranton International Airport. (Id. at ¶ 6). Plaintiff's passengers worked for Blue Cross/Blue Shield. (Id.). When he found out his fares' employer, plaintiff confronted them about the insurer's rates and new charges he had received on his most recent bill from the company. (Id. at ¶¶ 7-8). One of the passengers took offense at plaintiff's tone. (Id. at ¶ 9). She called Defendant Posten Taxi as soon as she arrived at her destination to complain about plaintiff's conduct, contending that plaintiff had been belligerent. (Id. at ¶¶ 10-11). After receiving this call, defendant ordered plaintiff to return to Posten's office immediately. (Id. at ¶ 12). When plaintiff arrived at the office, defendant terminated his employment. (Id. at ¶ 14). Defendant's stated reason for this termination was plaintiff's belligerence towards his passenger. (Id.).

In his deposition[2], plaintiff testified that he engaged in a "discussion" with this

---

record submitted to the court in determining whether a dispute about a material fact exists.

[2]The plaintiff argues that the court should throw out his deposition in this case. He contends that the transcription is not accurate, since "[a]nybody can change a persons so called testimony to paper and say and put down other wrong so called testimony to paper and say and put down other wrong so called testimony. Otherwise judge defense is trying to alter everything I really said and wrote down what they wanted the jury and his honor to read and hear so you's [sic] would fall for it hook line and sinker." (Motion to deny all summary judgments on behalf of Posten Taxi Inc. (Doc. 55) at ¶ II). Defendant does not point to specific inaccuracies in this transcript, however, nor does he offer any alternative version of the events here in question. As such, plaintiff fails to cite to any evidence of record to counter the statement of material facts offer in support of defendant's motion.

2

passenger during the ride to the airport about the insurance coverage provided by Blue Cross/Blue Shield. (Plaintiff's Deposition (hereinafter "Plaintiff's Dep.") (Doc. 51-2) at 51-2). Plaintiff had a bill from Blue Cross/Blue Shield in his pocket when he picked up the passengers; his payments had gone up by fifteen dollars. (Id. at 54). He wanted to know "why . . . the Blue Cross and Blue Shield keep going up so high, because the people can't, you know, afford to pay for it." (Id.). The passenger explained to plaintiff that "we got medical expenses" and, in any case, "if you want something in this world and you want the best coverage, you got to pay for it." (Id. at 55). At this point, plaintiff insists, "she got smart." (Id.). He responded by informing the passenger that "Ma'am, . . . if you didn't have customers like me, my wife and other people, you wouldn't have a job." (Id.). After plaintiff made this comment, the passenger "didn't say another word." (Id.). Plaintiff contends that he spoke to this passenger "[i]n a nice way. Not screaming. Nice. And when she started to scream back at me – . . . I didn't say another word all the way to the airport." (Id. at 57). Despite this attempt at cordiality, plaintiff admits that this passenger called his supervisor and complained that plaintiff "was very belligerent." (Id. At 52). When he returned to Defendant's office after dropping off this fare, his supervisor informed him that he had been fired because he had been "belligerent." (Id. at 62).

Plaintiff contends that his termination was motivated by defendant's desire to eliminate employees older than forty. (Defendant's Statement at ¶ 18). He alleges that Posten's insurance company wrote it a letter advising Posten to fire its older

3

drivers. (Id.). Posten denies that it ever received such a letter, and no such document has been produced in this litigation.³ (Id.). John Katorkas, Posten Taxi manager, submitted an affidavit averring that the company had never received any such letter. (See Doc. 36). Plainitiff admitted at his deposition that he had never seen such a letter, though he insists that it exists.⁴ (Defendant's Statement at ¶ 18). Plaintiff also testified that he was aware that defendant employed many workers older than forty, including some as old as seventy.⁵ (Id. at ¶ 19).

On May 12, 2008, plaintiff filed a complaint in this court, along with a motion to proceed *in forma pauperis*. (Docs. 1, 2). The court granted the *in forma pauperis*

---

³The court previously addressed this issue when plaintiff raised it during discovery. On September 21, 2008, the plaintiff wrote the court to request that defendant provide the name of the defendant's insurance company and provide him with this letter. (See Doc. 21). The defendant repeated this request on November 20, 2008. (See Doc. 23). On November 25, 2008, the court ordered the defendant to provide plaintiff with this letter if it existed and to submit a status report on the matter. (See Doc. 24). The defendant submitted a status report to the court on November 25, 2008, averring that Posten Taxi "does not have in its possession the alleged letter." (See Doc. 25).

⁴At his deposition, plaintiff was asked if he had "a copy of that letter with you today? A. I've been trying–there's a court order on that telling your clients to give it up. Q. When did you first see that letter? A. I didn't see the letter. Q. You never saw the letter? A. No." (Plaintiff's Dep. at 96). Still, plaintiff claims that he is aware of others who saw and read such a letter. Such claims are, however, hearsay, and plaintiff has not offered for the record any admissible and competent evidence about the existence of such a letter. See FED. R. EVID. 801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); FED. R. EVID. 802 (establishing that "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by act of Congress.").

⁵Plaintiff testified in his deposition that the company employed dispatchers aged from 30 to older than 70. (Plaintiff's Dep. at 95). He also admitted that employees of "various ages" worked for the defendant, and that before the appearance of the alleged letter, "there was no discrimination about age in regard to filling the position." (Id.).

4

motion. (Doc. 4). Plaintiff alleges that defendant violated his right to be free of employment discrimination on the basis of his age pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and retaliated against him for complaining about this discrimination. After a discovery period, Defendant Posten Taxi filed the instant motion. Later, after being served with the complaint, Defendant Katorkas filed his motion to dismiss. The parties briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Because plaintiff brings this case pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, this court has jurisdiction pursuant to pursuant to 28 U.S.C. § 1332. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Defendant Posten Taxi seeks summary judgment on the claims against it. Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

5

no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. <u>International Raw Materials, Ltd. v. Stauffer Chemical Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. <u>Id.</u> Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. <u>Id.</u> at 324.

Defendant Katorkas seeks to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When a defendant files a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), this court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

6

to relief." McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)).

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has confirmed that although FED. R. CIV. P. 8(a)(2) does not require " 'detailed factual allegations'," it does require plaintiff to plead sufficient facts to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]' " Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" are sufficient to withstand a motion under FED. R. CIV. P. 12(b)(6). A valid pleading under "[Rule 8] requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3). As a threshold matter, the plain statement of the facts forming the grounds of the plaintiff's complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief.' " Id. (citing Twombly, 550 U.S. at 557) (alteration in original). In order to state a valid claim and survive a motion to dismiss, the "complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.' " Phillips, 515 F.3d at 232 (quoting Twombly, 550 U.S. at 556 n.3).

In addition to the facts pled in the complaint, the court may also consider

"matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

### I. Defendant Posten Taxi's Motion

#### A. ADEA

This case centers on the Age Discrimination in Employment Act. The ADEA prohibits "discrimination against an individual over age 40 with respect to 'compensation, terms, conditions, or privileges of employment, because of an individual's age.'" Billet v. Cigna Corp., 940 F.2d 812, 816 (3d Cir. 1991 (quoting 29 U.S.C. § 623(a)). To recover under the act, "'a plaintiff must prove by a preponderance of the evidence that age was the determinative factor in the employer's decision' at issue." Id. (quoting Bartek v. Urban Redevelopment Authority of Pittsburgh, 882 F.2d 739, 742 (3d Cir. 1989)).

A plaintiff may prove age discrimination by supplying "direct evidence" of such illegal activity. See Glanzman v. Metro Mgt. Corp., 391 F.3d 506, 512 (3d Cir. 2004) (holding that in age discrimination cases, "if direct evidence is used, the proponent of the evidence must satisfy the test laid out in Price Waterhouse [ v. Hopkins, 490 U.S.

8

228 (1989)] in order to prove a violation of the ADEA [citations omitted].). "To be 'direct' for purposes of the Price Waterhouse test, evidence must be sufficient to allow the jury to find that the decision makers placed a substantial negative reliance on the plaintiff's age in reaching their decision. [citations omitted] ." Id. In other words, a plaintiff "must produce evidence of discriminatory attitudes about age that were causally related to the decision to fire her." Id.

No direct evidence exists in this case by which a jury could conclude that Posten Taxi or its decision-making employees held discriminatory attitudes about age which were causally related to the company's decision to fire plaintiff and any later decisions not to hire him. As related above, Plaintiff testified at his deposition that defendant terminated him because of his "belligerence" towards a fare. While plaintiff contends that a letter from Posten's insurance company mandated that the company fire all older employees, no evidence of record other than plaintiff's inadmissable hearsay indicates that such a letter exists. The court therefore cannot credit plaintiff's claims on this matter. Plaintiff cites to no other evidence that indicates the company placed a substantial negative reliance on his age in making hiring and firing decisions about him. Plaintiff cannot prevail on the direct evidence standard.

Plaintiff could still theoretically convince a jury that he is the victim of age discrimination. Lacking direct evidence of discrimination, a plaintiff seeking recovery under the ADEA must first make out a prima facie case by "showing (1) he is within

9

the protected age class, i.e. over forty; (2) that he was qualified for the position at issue; (3) he was dismissed despite being qualified; and (4) he was replaced by a person sufficiently younger to permit an inference of age discrimination." Armbruster v. Unisys Corp., 32 F.3d 768 (3d Cir. 1994).[6]  Once the plaintiff establishes this prima facie case, "the defendant has the burden of producing evidence that it had 'a legitimate, nondiscriminatory reason for the discharge.'" Fakete v. Aetna, Inc., 308 F.3d 335, 338 (3d Cir. 2002).  If the defendant produces such evidence, the burden shifts back to the plaintiff, who must provide "evidence 'from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons[,] or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" Id. (quoting Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994)).

Defendant argues that plaintiff cannot make out a prima facie case of discrimination because he was not qualified for the position at issue and he has failed to show that he was replaced by a person sufficiently younger than he to allow an inference of age discrimination.  Defendant does not explain why plaintiff was not qualified for the position of taxi driver, and the evidence indicates that he was

---

[6]The court notes that the United States Supreme Court has found that the mere fact that an employee was replaced by another person within the protected class does not necessarily mean that a plaintiff cannot make out a prima facie case for age discrimination, since "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."  O'Connor, 517 U.S. at 313.

10

performing the position at the time of his firing. As such, the court finds that plaintiff has met his burden to show he was qualified for the position from which he was terminated. Plaintiff has not met his burden, however, to demonstrate that he was replaced by a person sufficiently younger to permit an inference of age discrimination. In fact, he has not offered any evidence at all about who replaced him. As such, the court finds that plaintiff has failed to meet his prima facie burden. Summary judgment is therefore appropriate on plaintiff's age discrimination claim.

Even if plaintiff could meet his prima facie burden, defendant has offered legitimate non-discriminatory reasons for its decision to terminate him. Defendant's stated reason for firing the plaintiff was his belligerent attitude towards his fare in 2005; the passenger called Posten to complain of plaintiff's conduct. Firing a driver for mistreating a passenger and eliciting a verbal complaint certainly constitutes a legitimate, non-discriminatory reason for the adverse employment action. The burden, therefore, lies with the plaintiff to prove that defendant's stated reason for ending his employment was not the real reason. Plaintiff does not dispute that he engaged in the verbal disagreement which led to his firing. Instead, he relies on his claim that the company's actual motive for his firing came from a mandate from its insurer to fire older workers. Plaintiff, however, has not provided any admissible evidence of this demand. Moreover, plaintiff's claim that the company sought systematically to exclude older workers is undermined by his admission that the company employed many older workers, both before and after his termination. As

such, a reasonable jury could not conclude that the stated reason for plaintiff's firing was mere pretext designed to mask a discriminatory motive. Summary judgment is appropriate on this claim, and the court will grant defendant's motion on this point.

**B. Retaliation**

Plaintiff also raised a claim for retaliation in his initial complaint, though he has never articulated what actions he took to precipitate retaliation from his employer. The law provides that to establish a *prima facie* case of retaliation the plaintiff must demonstrate that (1) he was engaged in protected activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the protected activity and the discharge. Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 286 (3d Cir. 2001). If an employee can prove that he engaged in such protected activity, a burden shifting analysis similar to that described above applies; the employer must demonstrate a legitimate, non-discriminatory reason for its employment decision, and then the burden remains with the plaintiff to prove that the defendant's reasons are pretext for its real motive. See, e.g., Krouse v. American Sterilizer Co.,126 F.3d 494, 500-01 (3d Cir. 1997). For the reasons explained above, defendant has offered legitimate, non-discriminatory reasons for its employment decision. Plaintiff has not offered any evidence by which a jury could concluded that the stated reasons were not the real reasons for defendant's decision. As such, summary judgment is appropriate for the defendant on this claim as well. The court will grant defendant's

12

motion.

## II. Defendant Katorkas's Motion

Defendant Katorkas's motion contends that he is not mentioned anywhere in the complaint and therefore cannot be liable. He seeks dismissal of the case against him on those grounds. Plaintiff responds that the complaint contains numerous allegations against Defendant Katorkas. In his brief, plaintiff alleges that he went to Defendant Posten Taxi to fill out "an application for my job back when they were advertising for drivers and dispatchers several times an [sic] he said he'd call me but he never did that's the kind of liar he is." (Defendant's Brief in Opposition (Doc. 72) at ¶ III). The complaint contains such allegations, though it does not specifically name defendant. (See Doc. 1). The court concludes that these allegations are intended to name Defendant Katorkas, as the caption names "John and Bow, managers."[7] Still, these are the only allegations raised in the complaint against Defendant Katorkas. Even if plaintiff could prove that he submitted an application to Defendant Katorkas and received a promise of a phone call from that defendant, he could not prevail on his employment discrimination claims. Moreover, as explained

---

[7]The plaintiff used a shorthand symbol for the word "and," and misspelled Bo and "Bow." The Clerk's office interpreted his handwritten filing as naming "John T. Bow" as a defendant. The court has corrected the caption to name the proper parties. This problem created delays in service in this case, as the Clerk's office issued summons for Posten Taxi and John T. Bow. Plaintiff has still not served Defendants Cook and Keller, despite orders from the court to do so. The court charges this failure to serve the complaint to the plaintiff and will not delay disposition of the matter further. In any case, the evidence of record indicates that summary judgment is appropriate for the defendants.

13

above, no evidence exists in this case by which a jury could conclude that plaintiff should prevail on his age discrimination and retaliation claims. As such, granting Defendant Katorkas's motion to dismiss is appropriate at this point.

**Conclusion**

For the reasons stated above, the court will grant Defendant Posten Taxi's motion for summary judgment and Defendant Katorkas's motion to dismiss. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH NOVAK, | : | No. 3:08cv912 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| V. | : | |
| POSTEN TAXI, INC., | : | |
| BILL COOK, | : | |
| JOHN KATORKAS, and | : | |
| BO KELLER, | : | |
| Defendants | : | |

## ORDER

**AND NOW,** to wit, this 4th day of November 2009, Defendant Posten Taxi's motion for summary judgment (Doc. 50) is hereby **GRANTED**. Defendant Katorkas's motion to dismiss the complaint (Doc. 72) is hereby **GRANTED**. The Clerk of Court is directed to **CLOSE** the case.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**